Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin E. Aspen | Sitting Judge if Other than Assigned Judge | Michael T. Mason |
|---|---|---|---|
| CASE NUMBER | 03 C 2318 | DATE | 9/3/2004 |
| CASE TITLE | | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] As stated on the reverse of this order, report and recommendation is hereby submitted to Judge Aspen recommending that the District Court deny defendant's motion in limine to bar testimony of Pat Deady [21-1], grant the motion to bar testimony with respect to settlement of prior lawsuit [21-2] and deny defendant's motion in limine to bar testimony of the funds' auditor Randall Ellis and his report of delinquency [22-1]. All matters relating to the referral of this case having been resolved, the referral is closed and the case is returned to the assigned judge.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

|   | No notices required, advised in open court. | | 2 number of notices | Document Number |
|---|---|---|---|---|
|   | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | SEP 07 2004 date docketed | 27 |
|   | Notified counsel by telephone. | | | |
|   | Docketing to mail notices. | | docketing deputy initials | |
|   | Mail AO 450 form. | | 9/3/2004 date mailed notice | |
| ✓ | Copy to judge/magistrate judge. | | | |
| KF courtroom deputy's initials | | Date/time received in central Clerk's Office | KF mailing deputy initials | |

# ORDER

The district court has referred defendant's two motions in limine to this court for a report and recommendation. Defendant's first motion in limine seeks to bar the possible trial testimony of Pat Deady as to the meaning of an interim reciprocal agreement, and to bar any reference to prior settlement discussions or a prior settlement agreement between the parties. The second motion in limine seeks to bar the testimony of the plaintiff Funds' auditor, Randall Ellis, and his report of delinquency. For the reasons set forth below, we recommend that the district court deny in part and grant in part defendant's motions in limine.

Defendant expects that plaintiff will call attorney Pat Deady to testify at trial regarding the meaning of an interim reciprocal agreement entered into by various trust funds. Defendant moves to exclude this testimony, arguing that the meaning of the agreement is for the court to decide, rendering Mr. Deady's testimony unnecessary. Plaintiffs argue that deciding the admissibility of Mr. Deady's testimony at this juncture would be premature. Plaintiffs agree with defendant that, ultimately, the court must determine the meaning of the agreement. However, plaintiffs assert, and we agree, that if the court finds the agreement ambiguous, Mr. Deady's testimony *may* be relevant in determining its meaning. See *Bidlack v. Wheelbrator Corp.*, 993 F.2d 603 (7th Cir. 1993). Accordingly, excluding Mr. Deady's testimony at this time would be premature.

Defendant also seeks to exclude settlement discussions and the settlement reached between the parties in a prior case regarding fund contributions between January 1, 1994 and April 30, 1997. Generally, any past settlements and settlement negotiations will not be relevant to this case. Accordingly, defendant's motion in limine should be granted.

Next, defendant seeks to exclude the testimony of Randall Ellis and his report of delinquency. The sole ground for defendant's motion is that Ellis does not qualify as an expert witness under *Daubert* and, therefore, his testimony and report should be excluded. 509 U.S. 579, 593-94 (1993). Plaintiffs respond that they do not intend to call Ellis as an expert witness. Accordingly, defendant's motion in limine should be denied.

For the reasons set forth above, we recommend that the district court deny defendant's motion in limine as to the testimony of Pat Deady and grant the motion as to evidence regarding prior settlements or settlement negotiations. We also recommend that the district court deny defendant's second motion as to Randall Ellis and his report of delinquency.